UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EVERGREEN NATIONAL INDEMNITY COMPANY<br>    Plaintiff,<br><br>v.<br><br>CAPSTONE BUILDING CORP.<br><br>    Defendant. | :<br>:<br>:<br>:<br>: CIVIL ACTION NO.<br>: 3-07-cv-1189 (JCH)<br>:<br>:<br>:<br>: FEBRUARY 6, 2008 |

**RULING RE: DEFENDANT'S MOTION TO DISMISS (Doc. No. 7)**

Plaintiff Evergreen National Indemnity Company ("Evergreen") brings this action against Defendant Capstone Building Corporation ("Capstone") seeking a declaratory judgment regarding Evergreen's liability under a Payment and Performance Bond it issued. See Complaint at 1 (Doc. No. 1). Evergreen asserts that this court has jurisdiction over its complaint based on the diversity of citizenship between the parties. See id. at 2. Capstone moves the court to dismiss Evergreen's Complaint for being filed in an improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).

**I.  FACTS[1]**

On August 18, 2000, Capstone, an Alabama corporation, entered into a contract with the University of Connecticut to be the general contractor on a construction project ('the project"). Capstone then entered into a subcontract ("the subcontract") with Eastern Mechanical, Inc. ("Eastern Mechanical") to complete some HVAC work on the project. The subcontract contained the following language:

---

[1]The facts are taken from the Complaint unless otherwise noted.

> Section 26: THIS SUBCONTRACT SHALL IN ALL RESPECTS BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE WHERE THE WORK IS TO BE PERFORMED. NOTWITHSTANDING THE FOREGOING THE PARTIES HERETO HEREBY IRREVOCABLY SUBMIT TO THE JURISDICTION OF THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA IN ANY ACTION OR PROCEEDING SHALL BE HEARD AND DETERMINED IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA. THE PARTIES AGREE THAT THE PROVISIONS OF THIS SECTION SHALL SURVIVE THE COMPLETION OF ALL OBLIGATIONS UNDER THIS PURCHASE ORDER.

Subcontract, section 26, Ex. A to the Complaint. At Capstone's request, Evergreen issued a Performance and Payment Bond ("the bond") guaranteeing Eastern Mechanical's performance under the subcontract.

After work began on the project, Capstone declared Eastern Mechanical in default of its obligations under the subcontract. Capstone made a demand upon Evergreen for performance of Eastern Mechanical's remaining duties and obligations under the subcontract. Eastern Mechanical arranged for completion of the remaining subcontract work. On March 8, 2002, Capstone and Evergreen entered into a Mutual Release and Indemnity Agreement, whereby Capstone released final payment due under the subcontract to Evergreen and expressly released Evergreen from all duties and obligations under the Performance Bond.

Several years later, Capstone notified Evergreen of a "potential" claim against the Performance Bond. In response, Evergreen has advised Capstone that any such potential claim is barred. Despite these assertions, Capstone continues to threaten to assert a claim against the bond. Evergreen filed this case seeking a declaration that it

has no liability remaining under the bond.

## II. STANDARD OF REVIEW

As with a motion to dismiss under Rule 12(b)(2), a district court may decide a motion to dismiss for improper venue under Rule 12(b)(3) based on the pleadings and affidavits. See Gulf Insurance Comp. v. Glasbrenner, 417 F.3d 353, 355 (2d Cir. 2005). When that is the case, the plaintiff need only make a prima facie showing that venue is proper. See id. In deciding whether plaintiff has made the requisite showing the court views all facts in a light most favorable to the plaintiff. See Phillips v. Audio Active Limited, 494 F.3d 378, 384 (2d Cir. 2007).

## III. DISCUSSION

Capstone argues that Evergreen's Complaint should be dismissed for being filed in the improper venue due to the forum selection clause in the subcontract, quoted above. See Def.'s Mem. in Supp. of Mot. to Dismiss. at 8 (Doc. No. 8). The Second Circuit has adopted a four-part analysis to determine whether to dismiss a claim for improper venue due to a forum selection clause. See Phillips, 494 F.3d at 383. The first inquiry is whether the clause was reasonably communicated to the party resisting enforcement. See id. (internal quotation omitted). Second, the court must determine whether the clause is mandatory or permissive, that is whether the parties are "required to bring any dispute to the designated forum or simply permitted to do so." Id. (internal quotation omitted). Third, the court asks whether "the claims and parties involved in the suit are subject to the forum selection clause." Id. (internal quotations omitted). If these

3

three questions have been answered in favor of the moving party, the clause is presumptively enforceable. Id. In that event, the final step is to "ascertain whether the resisting party has rebutted the presumption of enforceability by making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." Id. at 384 (internal quotations omitted).

Evergreen argues that the clause at issue does not bind the parties because it does not exclusively establish the Circuit Court of Jefferson County, Alabama as the mandatory venue for this dispute.[2] See Pl.'s Mem. at 8. As a preliminary matter, the court must determine what law governs the interpretation of the forum selection clause in light of the choice of law language in the subcontract designating Connecticut law as the law governing the dispute.[3] The Second Circuit recently addressed a very similar question in Phillips v. Audio Active, Ltd., 494 F.3d 378, 386 (2d Cir. 2007). In Phillips, the court opined in dicta that, "we cannot understand why the interpretation of a forum selection clause should be singled out for application of any law other than that chosen to govern the interpretation of the contract as a whole." Id. However, the court was not required to reach a holding on this issue because it found that the parties in Phillips had

---

[2]Evergreen, the party resisting enforcement of the forum selection clause at issue here, does not contend that the clause was not reasonably communicated to it; therefore, the court will assume that the first element of the analysis is satisfied in favor of enforceability. See Pl.'s Mem. in Opp. (Doc. No. 13).

[3]The parties did not brief the issue as to whether the language of the subcontract indicates that Connecticut law governs the dispute. See Def.'s Mem. and Pl.'s Mem.

assumed in their briefs that general contract principles and federal precedent controlled the issue.  Id.  That is not the case here; Evergreen cites to federal precedent to support its position and Capstone cites to both Connecticut and federal cases.  See Def.'s Mem. at 2-4 and Pl.'s Mem. at 9-10.  Therefore, the court must determine whether Connecticut or federal precedent governs the contract interpretation issue in question.

The court finds that the Second Circuit's language in Phillips indicates that, where a contract includes a choice of law clause, the chosen forum's law governs the interpretation of the forum selection clause.  See Phillips, 494 F.3d at 386.  However, the court notes that the Phillips case does not effect the rule in this Circuit that "federal law should be used to determine whether an otherwise mandatory and applicable forum clause is enforceable under Bremen," id. at 384, the fourth step of the inquiry.  Id.

Having determined that Connecticut law governs the interpretation of the forum selection clause, the court turns to the question of whether the language in subcontract section 26 is a permissive or mandatory forum selection clause.  The difficulty in determining the meaning of section 26 is that it makes no sense as written.  Capstone offers a solution, urging the court to read the word "in" as the word "and" so that the final clause of section 26 would read "and any action or proceeding shall be heard and determined in the circuit court of Jefferson County, Alabama." Def.'s Reply Mem. at 3 (Doc. No. 14).  The court agrees that this could be a logical reading of the clause.  The problem for the court is that Capstone's reading is not the only logical reading.  For example, it is equally reasonable to conceive that the parties intended the clause to be

5

read: "the parties hereto hereby irrevocably submit to the jurisdiction of the circuit court of Jefferson County, Alabama in any action or proceeding [that] shall be heard and determined in the circuit court of Jefferson County, Alabama." Such a reading would make the clause clearly permissive rather than mandatory.

Connecticut case law directing the court as to how to interpret such an ambiguous clause is admittedly scarce. Connecticut Superior Courts have held that the word "shall" in reference to venue, without any other language indicating exclusivity, suffices to establish that a forum selection clause was mandatory. See Alliance Food Management Corp. v. Rensselaer Hartford Graduate Center, Inc., 2007 WL 1194027 (Conn.Super. 2007)(finding language stating that "any legal action or proceeding concerning this purchase order shall be brought in New York State in Rensselaer County" established the parties intent to confer exclusive venue)(analyzing John Boutari and Son v. Attiki Importers, 22 F.3d 51 (2d Cir. 1994)); Total Telecom, Inc. v. Target Telecom, Inc., 1997 WL 133404 (Conn.Super. 1997)(assumes without discussing that "any action or suit under this Agreement shall be in any court serving Passaic County, New Jersey" establishes exclusive venue).

However, in this case, where inartful drafting makes the parties' intent impossible to discern, the court is persuaded by the reasoning of the court in JHB Resource Management, LLC v. Henkel Corp., 2006 WL 1681079 (Conn.Super. 2006). In JHB, the court confronted a purported forum selection clause that was, as written, nonsensical. Id. at *2. Concluding that it could not "infer terms the parties obviously would have

6

agreed upon if the omission had been brought to their attention," the court concluded that the language was not sufficient to create "mandatory, exclusive and sole jurisdiction." Id. Specifically, the court held that, "[h]ad the parties intended mandatory, exclusive jurisdiction in Illinois, the language could have been more clearly drafted to state such an intention." Id. (collecting Connecticut cases with clear language indicating the parties intent to establish exclusive venue).

The court finds that this reasoning applies to the case at hand: had the parties intended to confer exclusive jurisdiction on the Circuit Court of Jefferson County, Alabama, they easily could have done so. Absent such clear language, the court cannot conclude that such intention existed. Having concluded that Capstone failed to establish that a mandatory forum selection clause exists as required in the second step of the four part analysis, the court denies Capstone's Motion to Dismiss for improper venue. See Phillips, 494 F.3d at 383.

## IV.    CONCLUSION

Defendant Capstone's Motion to Dismiss is DENIED.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 6th day of February, 2008.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge