```
                        UNITED STATES DISTRICT COURT
                          DISTRICT OF CONNECTICUT

EVERGREEN NATIONAL           :
INDEMNITY COMPANY            :
      Plaintiff,             :
                             :     CIVIL ACTION NO.
v.                           :     3-07-cv-1189 (JCH)
                             :
CAPSTONE BUILDING CORP.      :
                             :
      Defendant.             :     MARCH 31, 2008
```

**RULING RE: DEFENDANT'S MOTION TO RECONSIDER (Doc. No. 16)**

## I.  INTRODUCTION

Plaintiff Evergreen National Indemnity Company ("Evergreen") brings this action against Defendant Capstone Building Corporation ("Capstone") seeking a declaratory judgment regarding Evergreen's liability under a Payment and Performance Bond it issued.  See Complaint at 1 (Doc. No. 1).  On February 6, 2008, this court denied Capstone's motion to dismiss Evergreen's Complaint for being filed in an improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).  See Doc. No. 15.  Capstone now moves the court to reconsider that Ruling, or alternatively, to certify its Order for interlocutory appeal.  See Def.'s Motion to Reconsider at 3 (Doc. No. 16).

## II.  DISCUSSION

The Second Circuit has held that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the

court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995) (citations omitted). There are three grounds that justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992). That the court overlooked controlling law or material facts before it may also entitle a party to succeed on a motion to reconsider. Eisemann v. Greene, 204 F.3d 393, 395 n. 2 (2d Cir.2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (internal quotation marks omitted).

First, Capstone argues that the court should reconsider its Ruling finding that the forum selection clause at issue was permissive in light of "new evidence" they submit as to demonstrate the parties' intent behind the clause. See Def.'s Reply Mem. at 3 (Doc. No. 21). In support of this position, Capstone points to a non-party affidavit which "was not even executed or made available to Capstone" until after the court's Ruling on its Motion to Dismiss. Id. at 3. Capstone has made no showing that they were unaware that this witness had such information prior to the Court's Ruling, that they attempted to secure this affidavit prior to this court's Ruling, or were prevented from obtaining this evidence in any way. In fact, Capstone's own argument that the court's reasoning was "unexpected" suggests that Capstone merely did not think to include extrinsic evidence with their Motion to Dismiss. Def.'s Mem. in Supp. of Motion for Recon.("Def.'s Mem.")

2

at 7 (Doc. No. 16). Therefore, the evidence Capstone relies on is not "newly discovered evidence" such as would require this court to reconsider its Ruling.

Second, Capstone argues that the court's Ruling "fails to address Capstone's alternative argument, that this action should be dismissed in favor of the subsequently filed coercive action that Capstone filed in the Circuit Court of Jefferson County, Alabama." See Def's Mem. at 7. While Capstone did characterize this action as a "preemptively [filed]" "declaratory judgment action," (Def.'s Motion to Dismiss at ¶10 (Doc. No. 7)) and state that "this case should be dismissed so that litigation may proceed in Jefferson County, Alabama as contractually required" (Def.'s Mem. in Supp. of Mot. to Dismiss at 11 (Doc. No. 8), it first made the argument that this action should be dismissed in favor of a different action in Alabama in its Reply to Evergreen's Opposition to Capstone's Motion for Summary Judgment. See Def.'s Reply in Support of Def.'s Mot. for Summ. Judg. at 8-10). Generally, a court "[does] not consider issues raised in a reply brief for the first time because if a [party] raises a new argument in a reply brief [the opposing party] may not have an adequate opportunity to respond to it." U.S. v. Pepin, 514 F.3d 193, 203 n.13 (2d Cir. 2008). Therefore, this court did not "fail to address" this argument, but properly ignored it where it had not been raised in the memorandum in support of the Motion to Dismiss.

Alternatively, Capstone asks the court to certify its February 6, 2008 Ruling on its Motion to Dismiss and this Ruling for interlocutory appeal. See Def.'s Mem. at 17. Capstone offers nothing in support of this request that would justify granting it.

Therefore, the request is denied.

## III. CONCLUSION

For the foregoing reasons, Capstone's Motion for Reconsideration (Doc. No. 16) is DENIED, and their alternative request that the court certify its Ruling for interlocutory appeal is DENIED.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 31st day of March, 2008.

                                          /s/ Janet C. Hall
                                          Janet C. Hall
                                          United States District Judge