UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EVERGREEN NATIONAL INDEMNITY COMPANY,<br>    Plaintiff,<br><br>v.<br><br>CAPSTONE BUILDING CORP.<br>    Defendant. | :<br>:<br>:   CIVIL ACTION NO.<br>:   3-07-cv-1189 (JCH)<br>:<br>:   JULY 2, 2008<br>:<br>: |

**RULING RE: MOTION FOR RECONSIDERATION [Doc. No. 48]**

In a telephonic conference with the parties on June 26, 2008, the court granted Plaintiff's, Evergreen National Indemnity Company ("Evergreen"), Motion for Leave to File Third Party Complaint. On June 30, 2008, the defendant, Capstone Building Corp. ("Capstone") moved for reconsideration of that Ruling (Doc. No. 48).

The Second Circuit has held that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995) (citations omitted). There are three grounds that justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992). That the court overlooked controlling law or material facts may also entitle a party to succeed on a motion to reconsider. Eisemann v. Greene, 204 F.3d 393, 395 n. 2 (2d Cir.2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court

overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (internal quotation marks omitted).

In support of its Motion, Capstone states that it was not given adequate notice that the Motion for Leave to File a Third Party Complaint would be heard during the telephonic conference. It also states that had it been prepared, new information would have been brought to the court's attention bringing to light issues material to the decision regarding the Third Party Complaint. Specifically, Capstone states that the conditions fo the Settlement Agreement between Capstone and University of Connecticut are material to the court's decision. Thus, the court grants the Motion for Reconsideration.

Therefore, the court GRANTS defendant's Motion for Reconsideration. The Motion for Leave to File Third Party Complaint (Doc. No. 32) and Motion to Strike the Third Party Complaint (Doc. No. 41) are pending. Any opposition to either must be filed by July 11, 2008. No replies will be permitted. (The court will deem the defendant's Motion to Reconsider as an opposition to the Motion for Leave to File Third Party Complaint and in further support of its Motion to Strike).

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 2nd day of July, 2008.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge